**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARTHA L. ASKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-74-CH |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Ms. Martha L. Askins brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. Based on the Court's review of the record and issues presented, the Court reverses the Commissioner's decision and remands this case for further administrative proceedings consistent with this Memorandum Opinion and Order.

**Procedural Background**

Ms. Askins' alleged disability onset date is January 9, 2005. The agency denied her application for disability benefits initially and upon reconsideration. Ms. Askins then requested and was granted an administrative hearing after which an administrative law judge (ALJ) issued an unfavorable decision. The Appeals Council denied Ms. Askins' request for review, making the decision of the ALJ the final decision of the Commissioner.

## The Administrative Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.940. The ALJ first determined that Ms. Askins had not engaged in substantial gainful activity at any time relevant to the decision. At step two, the ALJ determined that Ms. Askins has severe impairments: "a back condition, a neck condition, a right leg condition, and a right arm condition." Administrative Record (AR) at 14. At step three, the ALJ determined that Ms. Askins' impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ next considered Ms. Askins' residual functional capacity (RFC) and determined that she retains the capacity to perform sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work, compromised as follows. The claimant is limited to occasional climbing, balancing, kneeling, stooping, crouching and crawling. She would need to be allowed to sit and stand in the work area while performing job tasks on an as needed basis. She is incapable of overhead reaching with the right upper extremity and cannot be exposed to significant unprotected heights or potentially dangerous unguarded moving machinery. Finally, the claimant is incapable of engaging in any commercial driving.

AR 14-15. Based on this RFC and the testimony of a vocational expert, the ALJ determined that Ms. Askins can perform her past relevant work as radio dispatcher and secretary.

## Issues Presented for Judicial Review

Ms. Askins contends that the ALJ committed three legal errors. She claims the ALJ (1) failed to properly weigh and evaluate the opinion of Ms. Askins' treating physician regarding her ability to perform work-related activities, (2) failed to properly evaluate Ms. Askins' credibility, and (3) failed to properly assess Ms. Askins' RFC.

## Standard of Review

Because the Appeals Council denied review of the ALJ's decision, the Commissioner's final decision for purposes of this appeal is that of the ALJ. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d at 760 (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh

the evidence or substitute its own judgment for that of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## Analysis

**A.     The ALJ's Evaluation of Treating Physician's Opinion**

Ms. Askins challenges the ALJ's evaluation of and lack of weight assigned to the medical source statement of Ms. Askins' treating physician, Dr. Rita Hancock. Dr. Hancock began treating Ms. Askins for neck pain, accompanying headaches, and lumbar spine pain in February 2003.[1] Dr. Hancock stated in a report to an automobile insurance company representative that Ms. Askins' cervical radiculopathy was directly related to a herniated disc at the C5-C6 level. Dr. Hancock's records indicate that Ms. Askins continued to work despite the pain she was experiencing. Dr. Hancock treated Ms. Askins for pain through December 15, 2003. At that point, Ms. Askins was referred to Dr. James Michael Alvis for surgery. Dr. Hancock noted in a letter to Dr. Kevin Lane, another of Ms. Askins' physicians, that she would defer to Dr. Alvis for pain control until Ms. Askins was released from his care. AR 440. Dr. Hancock resumed her treatment of Ms. Askins on December 22, 2005.[2]

On January 8, 2004, Dr. Alvis performed an anterior cervical discectomy and an arthrodesis with anterior cervical plating at C5-C6. He performed an anterior lumbar

---

[1]Ms. Askins had been involved in a motor vehicle accident on November 24, 2002. AR 442.

[2]The Commissioner suggests that Dr. Hancock should not be considered a "treating physician" because of the break in treatment. It is clear, however, that Dr. Alvis was prescribing pain medication for Ms. Askins post-surgery. It is also clear that Dr. Hancock qualifies as a "treating physician."

4

diskectomy and anterior lumbar arthrodesis with plating at L5-S1 on October 26, 2004. The medical records indicate that Ms. Askins continued to experience significant back pain even after the surgery.

On January 9, 2006, Dr. Hancock completed a Medical Source Statement in which she stated that Ms. Askins could sit continuously for less than 15 minutes before alternating posture, could walk continuously for less than 15 minutes before needing to sit down, would have to sit or lie down 15 minutes before returning to standing or walking, and would require breaks at approximately 2-hour intervals throughout the work day. Dr. Hancock stated that Ms. Askins could occasionally lift and/or carry 1 to 5 pounds, and rarely or never lift more than 11 pounds. Dr. Hancock's diagnosis was cervical degenerative disc disease, lumbar degenerative disc disease, and failed back. She stated that Ms. Askins takes morphine for her pain, which affects her ability to concentrate. AR 414-417.

Under the rules governing evaluation of opinion evidence, greater weight is generally given to the opinions of sources of information who have treated the claimant than of those who have not. *See* 20 C.F.R. § 416.927(d)(2); *see also Hackettv. Barnhart*, 395 F.3d 1168, 1173-1174 (10th Cir. 2005) (*citing Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). First, the ALJ must determine whether the opinion of a treating source should be given controlling weight. *Id.* at 1174. Using a sequential analysis, an ALJ is required to give the opinion of a treating source controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir.

2003) (quotation omitted). If an opinion does not satisfy these conditions, it "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Id.* (*quoting* SSR 96-2p, 1996 WL 374188, at *4). Non-controlling opinions of a treating source "'are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id.* Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See id.* at 1301 (quotation omitted). If the ALJ chooses to reject a treating source's opinion entirely, the ALJ must set forth specific legitimate reasons for doing so. *See Langley v. Barnhart*, 373 F.3d at 1119.

In this case, the ALJ found Dr. Hancock's medical source statement, which indicated more restrictive functional limitations than the ALJ's RFC determination, to be "of limited probative value." AR 17. The ALJ rejected Dr. Hancock's opinion of Ms. Askins' functional limitations because Dr. Hancock's opinion did not "reference positive findings upon physical examination or laboratory testing which would support impositions of such restrictions." AR 16-17. But Ms. Askins' medical records show that Dr. Hancock had been treating Ms. Askins for pain since February 27, 2003. When Ms. Askins underwent neck and

lower back surgeries in 2004, Ms. Askins' pain was treated by the surgeon, Dr. Alvis. Post surgery, Ms. Askins returned to Dr. Hancock for pain management. Rather than consider Dr. Hancock's records as a whole, the ALJ relied on one sentence from a report dated December 22, 2005, in which Dr. Hancock stated that "her limb pain is significantly better." AR 439. The rest of that letter, however, states that Ms. Askins was still experiencing "chronic pain, spinal, status post two major surgeries." *Id.* Other than diminished limb pain, Dr. Hancock noted that Ms. Askins' condition had not changed since her last examination in December 2003, before her surgeries. Dr. Hancock prescribed Avinza and morphine for pain and stated that she would seek approval for a TENS unit.

The Tenth Circuit Court of Appeals has repeatedly held that "'[i]t is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.'" *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (*quoting Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir.2004)). Moreover, Dr. Hancock's diagnosis of pain-producing neck and lower back conditions is documented and supported by objective medical evidence including MRI studies and surgical reports. Even the report of the consultative physician, Dr. John Cherry, revealed severely limited range of motion in the extension and flexion of Ms. Askins' neck, back, hip, right knee, and both shoulders which Dr. Cherry attributed to pain and stiffness in her neck and back. AR 399. Reversal of the Commissioner's final decision is required based on the ALJ's failure to apply the correct legal standards in her analysis of Dr. Hancock's opinion.

### B. The ALJ's Credibility Determination

The Tenth Circuit Court of Appeals recently restated the salient points a court must consider when reviewing credibility determinations:

> "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston [v. Bowen]*, 838 F.2d 1125, 1133 [(10th Cir. 1988)] (footnote omitted); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical); *Williams [ex rel.] Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988) ("failure to make credibility findings regarding . . . critical testimony fatally undermines the [Commissioner's] argument that there is substantial evidence adequate to support [her] conclusion that claimant is not under a disability").

*Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (*quoting Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). The Court also restated the process an ALJ should use in evaluating a claimant's subjective allegations of pain:

> The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Id.* at 1144-1145 (internal quotations and citations omitted). In determining whether a claimant's subjective complaints are credible, the ALJ should consider such evidence as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and

8

>relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 1145 (internal quotation and citations omitted).

In this case, the objective evidence establishes that Ms. Askins has a pain-producing impairment substantiated by MRI studies and surgical reports. Even after lumbar disc surgery, an MRI study documented a broad based disc bulge at L4-L5. Clearly, there is at least a "loose nexus" between the proven impairment and her subjective allegations of neck and back pain. The ALJ determined, however, that Ms. Askins' credibility regarding the intensity of her pain was undermined by the fact that she had applied for and received unemployment benefits from August 4, 2004, through January 9, 2005. The ALJ justified her rejection of Ms. Askins' credibility by stating that "[i]mplicit with the receipt of these benefits, is that in order to receive them, the recipient must hold him/herself to be ready, willing and able to perform sustained work activity." AR 16. But Ms. Askins did not apply for social security benefits until August 1, 2005, several months after she had ceased receiving unemployment benefits. Moreover, Dr. Hancock's records indicate that Ms. Askins was trying to control her pain so that she could continue to work. She even postponed her neck and back surgeries because she was concerned about job security. The fact that she ultimately was unable to return to substantial gainful activity does not itself reflect poorly on her credibility. Moreover, the record indicates that Ms. Askins' daily activities, even as described by the ALJ, are minimal:

>The claimant testified she needs help bathing due to her weak right hand. The claimant described daily activities including reading and watching television.

> She indicated she drives an automobile only 1 times [sic] a month for 1 mile and engages in no household chores.

AR 16. These minimal daily activities are consistent with Ms. Askins' subjective complaints of pain. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) (ALJ may not "reply on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain."). Finally, the ALJ relies on Ms. Askins' report of diminished limb pain after her neck and back surgeries. As discussed above, however, this isolated statement ignores other substantial evidence, including evidence that Ms. Askins is still taking significant prescription pain medications, one of which reportedly interferes with her concentration.

In sum, the ALJ did not apply the correct legal standards in evaluating Ms. Askins' credibility, and the ALJ's credibility determination is not supported by substantial evidence.

### C. The ALJ's RFC Determination

Ms. Askins contends that the ALJ's RFC determination is not supported by substantial evidence in the record as a whole. In fact, the ALJ's legal error in the analysis of the treating physician's opinion as well as the ALJ's flawed credibility finding make reconsideration of Ms. Askins' RFC mandatory. Because the legal errors and lack of substantial evidence require reversal and remand, further consideration of the ALJ's RFC determination is not necessary.

The decision of the Commissioner is reversed and the cause is remanded for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this  12th  day of November, 2010.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE